## No. 740

### SCHMIDT et v. FRUSTORFER et (two cases) UNION GAS & ELECTRIC CO. v. FRUSTORFER et.

Ohio Appeals, 1st Dist., Hamilton Co.

Nos. 2937-8-9. Decided Feb. 7, 1927.

**First Publication of this Opinion.**

480. EVIDENCE—923. Pleadings—874. Ordinances—Not error to plead city ordinance which is in conflict with General Code. Ordinance must be pleaded and proved. If, under State law, ordinance is not available, question would arise on introduction in evidence.

Error to Common Pleas.
Judgment affirmed.

Carl Lehman and Albert H. Leeker, Cincinnati, for Schmidt doing business as The Valley Bus Co.

J. W. Heintzman, Bolsinger & Benham and Robert Black, Cincinnati, for The Union Gas & Electric Co.

August A. Rendigs, Jr., and Edward Lee Meyer, Cincinnati, for Frustorfer.

HAMILTON, J.

Lillian Frustorfer secured a judgment for damages for personal injuries growing out of a collision between a bus owned and operated by The Valley Bus Company and a truck owned and operated by The Union Gas and Electric Company. From that judgment, Schmidt, doing business as the Valley Bus Company, and the Union Gas & Electric Company filed separate petitions in error. The petitions in error are heard together in this proceeding.

It is claimed that the judgment is excessive, that there was error in the charge of the court, that the court erred in overruling a motion to strike certain allegations from the answer.

The matters objected to in the Gas Company's answer were allegations of negligence on the part of the Bus Company, and allegations setting up a claim under the ordinances of the City of Cincinnati, giving the Gas Company's truck the right of way.

It is urged that the pleading of the ordinance which, it is claimed, is in conflict with the General Code of Ohio, was improper and should have been stricken out.

It is the law that to avail the pleader of an ordinance of a city, such ordinance must be pleaded and proved. If, under a state law, the ordinance is not available, that question would arise on the introduction of the ordinance in evidence, at which time, the Court would rule on its admissibility.

We see no reason why the ordinance may not be pleaded, and certainly no prejudice could result therefrom.

Counsel, in their brief for the plaintiff in error, Schmidt, criticise the Court's general charge. Their criticism is directed toward excerpts and separate paragraphs, which, standing alone, might be subject to criticism, but we are of the opinion that they are not substantial, nor of a prejudicial character.

(Continued on page 670)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

FOR LIST OF CASES AND CONCORDANCE, SEE OMNIBUS INDEX, LAST PAGE OF COVER.

Where a reference appears at the end of a paragraph, it shows that the case has been reported in the Abstract and where to find it.

### SEPT. 26, 1927.

20763—State of Ohio ex rel Joseph E. Hayes v. N. Craig McBride, Common Pleas Judge, Highland County; In Mandamus. Bernsteen & Bernsteen, Cleveland, for pltff.

### SEPT. 27, 1927

20764—Merritt C. Cleveland v. George H. Thompson, Executor of the Will. of Minnetta C. Thornton and St. Paul's Episcopal Church; motion for Ashtabula Appeals to certify. Bosworth & Hunel, Cleveland, for the pltff.; B. F. Perry, Jefferson, for defts.

### * SEPT. 29, 1927

20765—Charles E. Adams v. William E. Gorrell; motion for Hancock Appeals to certify. Snook & Phelps, Findlay, for pltff; Betts & Fuller, Findlay, for deft. OA. 5 Abs. 649.

20766—State of Ohio ex rel Harold Ammerman et E. M. Sprague et; In Mandamus, J. A. Eldon, Cleveland, for pltff; E. A. Binyon, Cleveland, for defts.

### OCT. 5, 1927

20767—The State of Ohio ex rel Walter D. Jones v. John A. Zangerle, as Auditor of Cuyahoga County; In Mandamus. Squire, Sanders & Dempsey, Cleveland, for pltff; Stanton & Steuer, Cleveland, for deft.

### * OCT. 6, 1927

20769—State of Ohio ex rel Johnson & Higgins Co. v. William C. Safford, Supt. of Insurance; In Mandamus. Conn, Hoke, Wright & Benoy, Columbus, for pltff; Turner & Younger, Columbus, for deft.

20770—The State of Ohio ex rel The Marsh & McLennan Co. v. William C. Safford, Supt. of Ins. of Ohio; In Mandamus. Conn, Hoke, Wright & Benoy, Columbus, for pltff; Turner & Younger, Columbus, for deft.

### OCT. 7, 1927

20771—State of Ohio ex rel Harry L. Gustin v. Grimes Morgan et, Deputy State Supervisors of Elections for Adams County; In Mandamus. Blair & Ball, Attorneys for pltff.

20772—State of Ohio ex rel Robert Henderson v. Grimes Morgan et, Deputy Supervisors of Elections of Adams County; In Mandamus. Blair & Ball, for pltff.

20773—Board of Education of Willoughby Village School District v. Weldon & Kelly Co.; motion for Lake Appeals to certify. Davis, Young & Vrosman, Cleveland, for the pltff; Alvord, Blakely & Slocum, Painesville, for deft.

20774—F. W. Brodbeck v. Carlos S. Smart; motion for Lake Appeals to certify. A. C. Knight, Willoughby, for pltff; Tuttle, Hubbard & Willis, Painesville, for deft.

## PROCEEDINGS OF
## SUPREME COURT

For List of Cases and Concordance See Omnibus Index, Last Page of Cover

### WEDNESDAY, OCTOBER 12, 1927

### GENERAL DOCKET

20614—Edwin L. Howell et al, v. Village of Groveport; error to Franklin Appeals. Petition in error filed as of right dismissed, no debatable constitutional question. Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating. Dock. 5 Abs. 446.

20634—State, ex rel. J. Bell Smith, v. City of Fremont; error to the Sandusky Appeals. Dismissed, no debatable constitutional question. Day, Kinkade, Robinson, Jones and Matthias, JJ., concur. Dock. 5 Abs. 473.

20670—Eva H. Woods v. J. M. Reddinger et al.; error to the Belmont Appeals. Petition in error dismissed, no debatable constitutional question. Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur. Jones, J., not participating. Dock. 5 Abs. 506.

20685—State, ex rel. J. Bell Smith v. W. O. Clarke. In Mandamus. Dismissed. Day, Kinkade, Robinson, Jones and Matthias, JJ., concur. Dock. 5 Abs. 506.

### MOTION DOCKET

20583—George B. Scrambling Co. v. Tennant Drug Co. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 398.

20585—Anna Mathies v. Lewis J. Currier. Motion for Cuyahoga Appeals to certify. Overruled. Dock. 5 Abs. 398.

20591—Eva H. Woods v. J. M. Redinger. Motion for Belmont Appeals to certify. Overruled. Dock. 5 Abs. 506.

20593—Joseph Angelo v. Annie Angelo. Motion for Belmont Appeals to certify. Allowed. Dock. 5 Abs. 398.

20595—L. T. Staneart v. Andrew Kopp. Motion for Tuscarawas Appeals to certify. Overruled. Dock. 5 Abs. 398.

20596—Walter L. Stubbs v. In re Liquidation of State Exchange Bank of Stryker. Mo. by Stryker School Dist. for Williams Appeals to certify. Overruled. Dock. 5 Abs. 398.

20600—Walter L. Stubbs v. In re Liquidation of State Exchange Bank of Strkyer et. Motion by Walter L. Stubbs, Trustee, for Williams Appeals to certify. Overruled. Dock. 5 Abs. 398.

20601—Sinking Fund Trustees of Stryker, v. Blair, Supt. of Banks. Motion by Sinking Fund Trustees of Stryker for Williams Appeals to certify. Overruled. Dock. 5 Abs. 418.

20602—Village of Stryker v. Blair, Supt. of Banks. Motion for Williams Appeals to certify. Overruled. Dock. 5 Abs. 418.

20614—Edwin L. Howell et v. Village of Groveport. Motion for Franklin Appeals to certify. Overruled. Dock. 5 Abs. 446.

20614—Edwin L. Howell et v. Village of Groveport. Motion by defendant to dismiss petition in error filed as of right. Sustained. Dock. 5 Abs. 446.

(Continued on Page 671)

(Continued from page 668)

The question most strongly urged is that the verdict is excessive, and was influenced by passion and prejudice.

The verdict of the jury was for $10,000 and the trial court, on the motion for a new trial, required a remittitur of all in excess of $6000 which was done. The extent of the injuries, as shown by the evidence, is sufficient to answer the charge that the judgment is excessive.

(Buchwalter, PJ. and Cushing, J., concur.)